**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AMMIZABAD JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APRIL CARRASCO, )<br>)<br>Defendant. ) | No. 4:25-cv-00216-PLC |

## MEMORANDUM OPINION

On April 9, 2025, in accordance with 28 U.S.C. § 1915(b)(1), the Court assessed a $1.50 initial partial filing fee and ordered Plaintiff to pay it. Doc. [7]. The Court expressly cautioned Plaintiff that his failure to pay the initial partial filing fee or show that he lacked the means to do so would result in the dismissal of this case without prejudice and without further notice. *Id.* at 1; *see In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (noting that, under the Prison Litigation Reform Act, the failure to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) may result in dismissal of a prisoner's action (citing *Ayo v. Bathey,* 106 F.3d 98, 101 (5th Cir. 1997) (per curiam))). Plaintiff had until Friday, May 9, 2025 to pay the initial partial filing fee.

On May 2, 2025, Plaintiff filed a document requesting "leave to file an amended complaint adding a checkmark to answer yes I want trial by Jury." Doc. [9] at 1. Plaintiff did not request more time to comply with the Court's April 9, 2025 Order or try to show that he had no assets and no means to pay the initial partial filing fee.

More than three weeks have passed since Plaintiff's deadline, but he has not complied with the Court's order. Thus, Plaintiff has not only failed to pay the statutorily required initial partial filing fee, but he has also disregarded an order of this Court. *See Brown v. Frey*, 806 F.2d

801, 803 (8th Cir. 1986) (explaining a district court has the power "to dismiss an action for the plaintiff's failure to comply with any court order"); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) (same).  The Court will therefore dismiss this case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The Court will also deny as moot Plaintiff's motion seeking leave to amend the complaint.  Because the Court has the discretion to dismiss this action without prejudice for Plaintiff's failure to comply with the Court's Order, the Court concludes that an appeal from this dismissal would not be taken in good faith.  *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion, doc. 9, is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will be entered herewith.

Dated this 5th day of June 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE